JS-6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHEN YAO,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>THOMAS W. HUSSEY, et al.,<br><br>　　　　　Defendants. | Case No. ED CV 15-1881 DOC (MRW)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

　　　The Court dismisses the action without prejudice as moot due to Petitioner's release from immigration detention.

　　　　　　　　　　　　　　* * *

　　　This is a habeas action commenced by a Chinese national who formerly was in immigration custody. Petitioner filed for habeas relief in mid-September 2015 to effect his release from detention. (Docket # 1.)

　　　In early October, the government filed a notice establishing that ICE officials recently released Petitioner from custody pending his removal from the United States. (Docket # 8 at 2.) He is subject to an order of supervision, and will be "permitted to be at large" subject to the terms of the ICE release order (which

1  does not include an electronic monitoring condition). (Docket # 8-1 at 1.) The
2  government further suggested that the Court no longer has jurisdiction in the action
3  because Petitioner's release rendered moot his claim for habeas release. (Docket
4  # 8 at 2.)
5      Magistrate Judge Wilner directed Petitioner to file a response to the
6  government's submission. (Docket # 9.) However, Petitioner failed to file a
7  timely response or opposition to the government's position.
8      \* \* \*
9      Habeas corpus is a civil action that allows an individual in custody to
10 challenge his or her confinement. An inmate's release typically renders a habeas
11 action – which seeks the termination of custody – moot. See, e.g., Bonneau v.
12 United States, 503 F. App'x 544, (9th Cir. 2013) (affirming dismissal of inmate's
13 petition; petitioner "fully served the custodial portion of the sentences he is
14 attacking at the time he filed his habeas petition[.] Therefore, the district court
15 could not grant him any effective relief."); Marcelo v. Cate, 459 F. App'x 668 (9th
16 Cir. 2011) (inmate released on parole cannot obtain habeas relief in federal court).
17     In the immigration context, a release from ICE custody will render a habeas
18 action moot so long as a court is reasonably assured that that the petitioner "will
19 not be re-detained" unless he or she violates the terms of release. De Gomez v.
20 Baker, 606 F. App'x 409 (9th Cir. 2015) (citing Rodriguez v. Hayes, 591 F.3d
21 1105 (9th Cir. 2010)); see also Shetty v. Holder, 508 F. App'x 613 (9th Cir. 2013)
22 ("The district court correctly dismissed Shetty's petition for habeas relief as moot
23 after he was released from custody and his removal proceedings were terminated,
24 as these were the primary forms of relief he sought in his habeas petition."). A
25 habeas action rendered moot by agency action is properly dismissed for lack of
26 jurisdiction. Mamigonian v. Biggs, 710 F.3d 936, 941 (9th Cir. 2013).
27
28

In the present action, the government convincingly demonstrates that Petitioner's release makes this action moot. The government's submission shows that Petitioner has been released from custody subject to the minimal terms of a release order. The Court notes that the evidence submitted in the De Gomez matter – a specific declaration from an immigration official – directly assured the district court of the limited circumstances under which the individual could be taken back into immigration custody. However, a fair reading of the materials supporting the government's application (release notification and order of supervision forms that Petitioner personally signed (Docket # 8-1, 8-2)) effectively provides the same level of assurance that Petitioner is not likely to be re-detained.

That makes Petitioner's habeas action moot, and ends this Court's jurisdiction over the matter. Mamigonian, 710 F.3d at 941. Notably, Petitioner failed to file any response to the government's application here. As a result, the Court considers the government's request regarding the termination of the action to be unopposed. See Local Rule 7-12. ("failure to file any required document [ ] may be deemed consent to the granting or denial of the motion").

Accordingly, for the above reasons, this action is DISMISSED without prejudice as moot.

IT IS SO ORDERED.

Dated: November 30, 2015

_____
HON. DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE